

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable David G. Lewis
Sherman County Attorney
P. O. Box 986
Stratford, Texas    79084

Opinion No. MW-577

Re: Enforcement of the compulsory liability insurance provisions of article 6701h, V.T.C.S.

Dear Mr. Lewis:

You have posed questions about sections 1A through 1G of article 6701h, V.T.C.S., new provisions of the Safety Responsibility Law which were enacted by the legislature in 1981. See Acts 1981, 67th Leg., ch. 800, at 3053. In pertinent part, your letter reads:

> My specific questions are:
>
> (1) Does article 6701h, section 1B, V.T.C.S., require that evidence of financial responsibility, via... automobile liability insurance, be <u>in the possession</u> of an owner/operator of a vehicle while operating that vehicle upon public roads and highways in the state of Texas?
>
> (2) Upon subsequent proof at trial of financial responsibility by an owner/operator of a vehicle, is the presumption created in article 6701h, section 1D, V.T.C.S., rebutted?

In answer to your first inquiry, we observe that section 1B does not require the owner or operator of a vehicle to furnish <u>evidence</u> of financial responsibility upon request; it requires only that "<u>information</u> concerning evidence" be furnished.

Section 1B of the act reads:

> On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, information concerning evidence of financial responsibility to a law enforcement

officer of the State of Texas or any subdivision
thereof, or agent of the Department, or to another
person involved in an accident.

Thus, section 1B does not require that evidence of financial
responsibility, such as an insurance policy or a card from the
insurance company confirming coverage, must be in the possession of an
owner or operator of a vehicle at the time and place the vehicle is
being operated. Assuming without deciding that proof of financial
responsibility can be satisfied only by a liability insurance policy,
the statutory provision is satisfied if the owner or operator
furnishes adequate information about the evidence of his financial
responsibility when requested to do so, wherever the evidence itself
might be physically located. See Attorney General Opinion MW-467
(1982) (no particular type of evidence required). We answer your
first question in the negative.

Section D is of relevance to your second question; section 1D of
the statute reads:

Failure to give information as required in
Section 1B, or the giving of information which is
false, will raise a rebuttable presumption of
failure to maintain financial responsibility.

Section 2.05 of the Penal Code governs the evidentiary effect of
statutory presumptions. The provision, which only covers the
operation of statutory presumptions as rules of evidence in criminal
trials, see 1 R. Ray, Texas Law of Evidence §58 (Texas Practice 3d ed.
1980), and does not restrict the use of statutory presumptions for
other purposes, reads in part:

When this code or another penal law establishes
a presumption with respect to any fact, it has the
following consequences:

(1) if there is sufficient evidence of the
facts that give rise to the presumption, the
issue of the existence of the presumed fact
must be submitted to the jury, unless the court
is satisfied that the evidence as a whole
clearly precludes a finding beyond a reasonable
doubt of the presumed fact; and

(2) if the existence of the presumed fact is
submitted to the jury, the court shall charge
the jury, in terms of the presumption and the
specific element to which it applies....
(Emphasis added).

We first note that the constitutions of this state and of the United States require that all persons be presumed innocent, and that no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. U.S. Const. amends. V, XIV; Tex. Const. art. I, §19; Mullaney v. Wilbur, 421 U.S. 684 (1975); In re Winship, 397 U.S. 358 (1970); Crocker v. State, 573 S.W.2d 190 (Tex. Crim. App. 1978). See also Penal Code §2.01; Code Crim. Proc. art. 38.03. We need not consider here, however, whether the Safety Responsibility Law provision at issue establishes a valid rule of evidence for a criminal trial. See Skinner v. State, No. 01-81-0672-CR (Tex. Civ. App. - Houston [1st Dist.] Aug. 12, 1982, Rev. pet. pending) (not yet reported). In any case, upon proof that the defendant was adequately insured or was otherwise financially responsible at the time of the alleged offense the presumption would stand rebutted. The evidence as a whole would clearly preclude a finding that the "presumed" fact existed beyond a reasonable doubt based on the presumption. It would then be error, we believe, to charge the jury in terms of the presumption.

The "presumed fact" in such a situation is the failure of the defendant at the time of the alleged offense to "maintain financial responsibility." Failure to carry, produce, or furnish information concerning evidence of financial responsibility is not a crime or offense under the act.

### S U M M A R Y

Article 6701h, section 1B, V.T.C.S., does not require that evidence of financial responsibility be in the possession of an owner or operator of a vehicle while it is being operated upon public roads and highways; proof that the defendant maintained financial responsibility at the time of the alleged offense rebuts any presumption the statute might create. The failure to carry, produce, or furnish information concerning evidence of financial responsibility is not a crime or offense under the new provisions of the Safety Responsibility Law.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood